UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| METLIFE INVESTORS USA ) | |
| INSURANCE COMPANY ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 1:07CV00130 ERW |
| ) | |
| VERONICA L. KIRK, et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

This matter comes before the Court on Plaintiff's Motion to Consolidate Actions [doc. #3] and Defendant Veronica L. Kirk's Motion to Dismiss [doc. #8].

**I.     BACKGROUND AND PROCEDURAL HISTORY**

On September 5, 2007, MetLife Investors USA Insurance Company ("MetLife") filed this action for a declaratory judgment. MetLife seeks a declaration of the rights and other legal relations of the parties with respect to an Annuity Contract issued on September 8, 2003 by MetLife to Julius L. Allen ("Decedent").

Joan Moore ("Moore") submitted a claim, as Decedent's beneficiary, for benefits under the Annuity Contract, and MetLife paid those benefits. Subsequently, Veronica L. Kirk ("Kirk") claimed that the benefits under the Annuity Contract should have been paid to the Decedent's estate. MetLife seeks this Court's determination of the proper payee of the death benefits, because if the death benefits have not been paid to the proper party, then MetLife has the right and obligation to recover the death benefits paid and to pay them to the proper party.

On the same day that MetLife filed this action, Kirk filed a petition for discovery of assets in the Circuit Court of Scott County. The state court action was brought against MetLife, and

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

Moore was not named as a defendant. MetLife removed Kirk's petition to this Court on October 11, 2007 and it was assigned Case No. 1:07CV00140 ERW. MetLife seeks to have these two actions consolidated. Conversely, Kirk asks the Court to dismiss the action brought by MetLife, join a party to 1:07CV00140 ERW and remand 1:07CV00140 ERW. This order will address MetLife's Motion to Consolidate Actions [doc. #3] and Kirk's Motion to Dismiss [doc. #8].

## II. MOTION TO CONSOLIDATE ACTIONS

"When actions involving a common question of law or fact are pending before the court . . . it may order all the actions consolidated." Both of these actions seek to determine who is the proper payee of the death benefits under the Annuity Contract. Accordingly, both actions involve common questions of law and fact, and consolidation is appropriate. *See Equal Employment Opportunity Commission v. HBE Corp.*, 135 F.3d 543, 551 (8th Cir. 1998). There is no evidence that consolidation will lead "to inefficiency, inconvenience, or unfair prejudice to a party." *Id.* Rather, consolidation is in the interests of judicial economy and allows the avoidance of unnecessary cost and delay. MetLife's Motion to Consolidate Actions will be granted.

## III. MOTION TO DISMISS

This action is for a declaratory judgment, and is filed pursuant to 28 U.S.C. § 2201. Federal courts have discretion over whether to exercise jurisdiction pursuant to this statute. *See Scottsdale Ins. Co. v. Detco Industries, Inc.*, 426 F.3d 994, 997 (8th Cir. 2005); *State Farm Mutual Automobile Ins. Co. v. Bonwell*, 248 F.2d 862 (8th Cir. 1957). In determining whether the exercise of jurisdiction is appropriate, the Court must first determine "whether parallel proceedings were pending in state court at the time [MetLife] brought its declaratory judgment action." *Scottsdale Ins. Co.*, 426 F.3d at 997. Suits are parallel when "substantially the same parties litigate substantially the same issues in different forums." *Id.* (*quoting New Beckley*

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

*Mining Corp. v. Int'l Union. United Mine Workers of Am.*, 946 F.2d 1072, 1073 (4th Cir. 1991)). While the issues in these two suits are substantially the same, the parties are not. The suit filed by Kirk in state court was not brought against Moore, and therefore the parties are not substantially the same, and the suits are not parallel. *See Scottsdale Ins. Co.*, 426 F.3d at 997. When there is no parallel suit, "a federal district court is afforded greater discretion in determining whether to exercise jurisdiction over a declaratory judgment action." *Id.* at 999.

In determining whether to exercise jurisdiction, the Court applies a six-factor test. *Id.* These factors are:

> (1) whether the declaratory judgment sought "will serve a useful purpose in clarifying and settling the legal relations in issue"; (2) whether the declaratory judgment "will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the [federal] proceeding"; (3) "the strength of the state's interest in having the issues raised in the federal declaratory judgment action decided in the state courts"; (4) "whether the issues raised in the federal action can more efficiently be resolved in the court in which the state action is pending"; (5) "whether permitting the federal action to go forward would result in unnecessary 'entanglement' between the federal and state court systems, because of the presence of 'overlapping issues of fact or law' "; and (6) "whether the declaratory judgment action is being used merely as a device for 'procedural fencing'-that is, 'to provide another forum in a race for res judicata' or 'to achiev[e] a federal hearing in a case otherwise not removable.

*Id.* at 998 (*quoting Aetna Casualty & Surety Co. v. Ind-Com Electric Co.*, 139 F.3d 419, 422 (4th Cir. 1998)). The balance of these factors indicates that Kirk's motion to dismiss should not be granted. The first and second factors weigh in favor of the Court deciding the declaratory judgment action, as the Court can clarify and settle "the legal relations" and "afford relief from the uncertainty" which gave rise to this proceeding. In deciding this declaratory judgment action, the Court will have to apply Missouri contract law. However, issues of Missouri contract law are routinely decided by this Court and there is no indication that the state has any interest in deciding the issues before the Court or that the state would be able to more efficiently resolve this action

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

under the third and fourth factors.  Additionally, the fifth and sixth factors do not weigh in favor of the dismissal of this declaratory judgment action, and in sum, the exercise of the Court's jurisdiction is appropriate in this instance.

Accordingly,

**IT IS HEREBY ORDERED** that MetLife's Motion to Consolidate Actions [doc. #3] is **GRANTED.**  Future pleadings shall be filed under Case No. 1:07CV00130 ERW, and Case No. 1:07CV00140 ERW shall be administratively closed.

**IT IS FURTHER ORDERED** that Kirk's Motion to Dismiss [doc. #8] is **DENIED.**

Dated this 13th day of December, 2007.

_____
E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE

PDF created with FinePrint pdfFactory trial version www.pdffactory.com